**DENNIS STEINMAN (he/him),** OSB No. 954250
dsteinman@kelrun.com
**SCOTT J. ALDWORTH (he/him),** OSB No. 113123
saldworth@kelrun.com
Kell, Alterman & Runstein, L.L.P.
520 S.W. Yamhill, Suite 600
Portland, OR 97204
Telephone: 503/222-3531
Fax: 503/227-2980
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FORREST WHEELER,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>WILLAMETTE VIEW, INC., an Oregon nonprofit corporation,<br><br>　　　　　Defendant. | Case No.<br><br>COMPLAINT<br>(Federal Fair Housing Amendments Act of 1988; Oregon Fair Housing Act)<br><br>DEMAND FOR JURY TRIAL |

For his Complaint against Defendant, Plaintiff alleges as follows:

## I.　　JURISDICTION AND VENUE

1.　　This is an action for violations of 42 U.S.C. § 3601 *et seq.* ("Fair Housing Act" or "FHA") and a supplemental state law claim. This Court has jurisdiction over Plaintiff's federal Fair Housing Act claim pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiff's state law claim because that claim is related to Plaintiff's federal law claim and arises out of a common nucleus of operative fact. Plaintiff's state law claim is related to Plaintiff's federal law claim such that those claims form

COMPLAINT　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 1

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01264717

part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events giving rise to the claims alleged herein took place in the District of Oregon.

## II. PARTIES

3. Plaintiff Forrest Wheeler ("Plaintiff") is a person with a disability under 42 U.S.C. § 3602(h) and ORS 659A.104. Plaintiff is a resident of the State of Oregon and an "aggrieved person" under 42 U.S.C. § 3602(i)(1) and 659A.885(10)(a).

4. Defendant Willamette View, Inc. ("Defendant") is an Oregon nonprofit corporation with a principal place of business at 13021 SE River Road, Portland, Clackamas County, Oregon. Defendant owns and operates Willamette View, a senior housing community in Milwaukie, Oregon. At all material times, Plaintiff has resided in an apartment at Willamette View.

## III. GENERAL ALLEGATIONS

5. Plaintiff is 87 years old and has several medical conditions that limit his mobility and increase his risk of falling. In spring 2021, Plaintiff's doctor recommended that he purchase and install a walk-in bathtub in his apartment to allow him to enter and exit the tub easily and safely.

6. On April 20, 2021, Plaintiff entered into an agreement with Safe Step Tubs Northwest ("Safe Step") for the purchase and installation of a walk-in bathtub at a total price of $18,800. Plaintiff paid Safe Step a $1,880 deposit. Plaintiff notified Defendant of the purchase and the fact that the tub would be installed soon.

7. On May 17, 2021, Plaintiff received a letter from Mary Copeland, Defendant's Resident Liaison. Ms. Copeland stated that the tub could not be installed by Safe Step, but needed to be installed by Defendant's approved plumbers and electricians. She stated that the

COMPLAINT                                                                                                              Page 2

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01264717

cost for this installation was estimated to be $7,000 and that they would not be able to begin the project until that September. Finally, she stated that the estimated cost to remove the tub and restore the area after Plaintiff vacated the apartment was also $7,000, so Plaintiff would be responsible for $14,000 total relating to the installation and future removal of the walk-in bathtub. The cost of the tub from Safe Step included installation. Therefore, Defendant's charge for installing the tub caused the cost of the tub to be substantially more than he would have had to pay Safe Step, who also would have been able to install the tub much sooner than September.

8. Plaintiff was forced to cancel his contract with Safe Step. On June 4, 2021, Plaintiff entered into a contract with Pacific Bath for the purchase and installation of a walk-in bathtub.

9. On July 7, 2021, Plaintiff emailed Ms. Copeland to make clear that his request to install the tub was a request for a reasonable modification and that he would like to hire Pacific Bath, at his own expense, to perform the installation.

10. On July 16, 2021, Ms. Copeland responded by letter to Plaintiff. She again stated that Plaintiff could purchase the tub, but Defendant would need to install it. She directed him to the section of Defendant's General Rules that requires alterations to be performed by Defendant's maintenance department. She reiterated that Plaintiff would need to pay $7,000 for the installation and another $7,000 for the future restoration. Ms. Copeland also emailed Plaintiff that same day. She confirmed that the $7,000 restoration fee would be billed to Plaintiff at the time the installation project started. She also stated that it would be several months before Defendant would be able to begin the project.

11. Over the following month, Plaintiff left Ms. Copeland numerous voicemails requesting to discuss the issue, but Ms. Copeland did not return his calls. On August 11, 2021, Plaintiff emailed Ms. Copeland and asked for a clear answer on whether Pacific Bath could perform the installation. Ms. Copeland responded by email the following day and stated that

COMPLAINT                                                                                                                                              Page 3

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01264717

Willamette View's contractors would need to perform the demolition of the existing bathtub and that, while Pacific Bath would be permitted to participate in the installation of the new walk-in tub, it could only do so with assistance from Willamette View's staff and its electrical and plumbing contractors. She also stated that Willamette View would need to re-price the job based on this scenario. She stated that Willamette View would not be able to get to this project for at least 60 days. Finally, she reiterated that Plaintiff would be required to pay the $7,000 restoration fee.

12. On August 13, 2021, Plaintiff sent a letter through counsel to Defendant that explained in detail why the conditions Defendant had placed on Plaintiff's installation of the walk-in bathtub were unlawful. The letter directed Defendant to guidance on the Fair Housing Act published by the U.S. Department of Housing and Urban Development ("HUD") and U.S. Department of Justice ("DOJ") that explicitly stated that, in the context of reasonable modifications, "[t]he housing provider cannot insist that a particular contractor do the work. The housing provider may only require that whoever does the work is reasonably able to complete the work in a workmanlike manner and obtain all necessary building permits." The letter also directed Defendant to a portion of that same guidance that stated that situations in which housing providers may require upfront payment of a restoration fee are limited and that, in the narrow circumstances when an upfront payment of a restoration fee is appropriate, the landlord may only require that the tenant pay into an interest bearing escrow account over a reasonable period.

13. Over the next several months, Plaintiff attempted to work with Defendant to resolve the issue. During these discussions, Defendant repeatedly insisted that it did not believe that Plaintiff was actually disabled. On December 14, 2021—nearly eight months after Plaintiff had first asked Defendant for approval to install the bathtub—Defendant requested, for the first time, that Plaintiff provide a doctor's note verifying that he had a disability and that there was a nexus between his disability and his request to install the walk-in bathtub. Plaintiff provided

COMPLAINT   Page 4

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01264717

such a letter the following day, which explicitly stated that Plaintiff "has several very significant medical conditions that affect his mobility and increase his risk of falling. A walk-in tub is recommended for his safety."

14. Over six months have passed since Plaintiff explicitly requested a reasonable modification. Five weeks have passed since Plaintiff provided Defendant with a doctor's note confirming his disability and need for a reasonable modification. Defendant has still not given Plaintiff an answer on whether the requested accommodation will be granted.

15. Plaintiff has been harmed by Defendant's actions. He has been denied the ability to make a modification to his apartment that is necessary for him to use and enjoy his dwelling. He has suffered emotional distress, frustration, mental anguish, and loss of self-esteem and dignity as a direct result of Defendant's actions.

## IV.   CLAIMS

### FIRST CLAIM FOR RELIEF

**(Federal Fair Housing Act)**

16. Plaintiff realleges paragraphs 1 through 15.

17. By engaging in the actions set forth in paragraphs 5 through 14, realleged herein, Defendant has injured Plaintiff in violation of the federal Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, by committing the following discriminatory housing acts:

   a. Refusing to allow a reasonable modification to Plaintiff's apartment necessary to afford Plaintiff full enjoyment of the premises, in violation of 42 U.S.C. § 3604(f)(3)(A);

   b. Discriminating against Plaintiff in the terms, conditions, and privileges of the rental of Plaintiff's apartment because of Plaintiff's disability, in violation of 42 U.S.C. § 3604(f)(2); and

   c. Making oral and written statements to Plaintiff indicating a refusal to

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01264717

allow a reasonable modification, and otherwise indicating an unlawful preference, limitation, specification or discrimination against individuals with a disability, in violation of 42 U.S.C. § 3604(c).

18. Plaintiff has suffered damages as a result of Defendant's discriminatory conduct, and, as such, is an aggrieved person, as defined in 42 U.S.C. § 3602(i).

19. The discriminatory actions of Defendant were intentional, willful and taken in disregard for the rights of Plaintiff.

20. Plaintiff is entitled to equitable relief and compensatory damages in an amount to be determined at trial pursuant to 42 U.S.C. § 3613, as well as attorney fees and litigation costs pursuant to 42 U.S.C. § 3613(c).

21. Plaintiff is entitled to punitive damages pursuant to 42 U.S.C. § 3613(c).

## SECOND CLAIM FOR RELIEF

### (Oregon Fair Housing Act)

22. Plaintiff realleges paragraphs 1 through 15.

23. By engaging in the actions set forth in paragraphs 5 through 14, realleged herein, Defendant has injured Plaintiff in violation of Oregon fair housing laws by committing the following discriminatory housing acts:

   a. Refusing to allow a reasonable modification to Plaintiff's apartment necessary to afford Plaintiff full enjoyment of the premises, in violation of ORS 659A.145(2)(g);

   b. Discriminating against Plaintiff in the terms, conditions, and privileges of the rental of Plaintiff's apartment because of Plaintiff's disability, in violation of ORS 659A.145(2)(c).

   c. Making oral and written statements to Plaintiff indicating a refusal to allow a reasonable modification, and otherwise indicating an unlawful preference, limitation, specification or discrimination against individuals with a disability, in violation of ORS

COMPLAINT                                                                                                              Page 6

Kell, Alterman & Runstein, L.L.P.
Attorneys at Law
520 SW Yamhill, Suite 600
Portland, OR 97204
Telephone (503) 222-3531
Facsimile (503) 227-2980

01264717

659A.145(3).

24. Plaintiff has suffered damages as a result of Defendant's discriminatory conduct, and, as such, is an aggrieved person, as defined in ORS 659A.885(10)(a).

25. The discriminatory actions of Defendant were intentional, willful and taken in disregard for the rights of Plaintiff.

26. Plaintiff is entitled to equitable relief and compensatory damages in an amount to be determined at trial pursuant to ORS 659A.885, including attorney fees and litigation costs pursuant to ORS 659A.885(9).

27. Plaintiff is entitled to punitive damages pursuant to ORS 659A.885.

## V. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant and requests the Court to grant relief as follows:

1. A jury trial to determine the factual questions raised herein;

2. That the Court assume jurisdiction over Plaintiff's claims;

3. That the Court enter an order that declares the discriminatory practices, policies, and/or procedures of Defendant violate the Fair Housing Act, 42 U.S.C. §§ 3601-3619, and ORS 659A.145;

4. That the Court enter an order that enjoins Defendant from all practices complained about herein and imposes affirmative injunctive relief requiring Defendant, its partners, agents, employees and assigns, and all other persons in active concert or participation with them, to take affirmative action to provide equal access to its services for all individuals without regard to disability;

5. That the Court enter an order that requires Defendant to develop and implement a plan to provide equal access to their services, programs or activities when necessary for persons with disabilities to enjoy equally those services, programs or activities;

COMPLAINT                                                                                                     Page 7

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01264717

6.       On the First Claim for Relief, Plaintiff prays for a declaration that the discriminatory practices of Defendant, as set forth and alleged herein, were in violation of the federal Fair Housing Act, and further prays for compensatory damages, punitive damages, and attorney fees and costs;

7.       On the Second Claim for Relief, Plaintiff prays for a declaration that the discriminatory practices of Defendant, as set forth and alleged herein, were in violation of the Oregon Fair Housing Act, and further prays for compensatory damages, punitive damages, and attorney fees and costs; and

8.       All such other relief as the interests of justice required.

DATED this 19th day of January, 2022.

s/Dennis Steinman
**DENNIS STEINMAN**
954250
503/222-3531
**Attorneys for Plaintiff**

COMPLAINT     Page 8

**KELL, ALTERMAN & RUNSTEIN, L.L.P.**
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01264717